IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE DALE OTTO,

    Petitioner,                      No. CIV S-02-0069 MCE DAD P

    vs.

DIRECTOR OF THE CALIFORNIA       FINDINGS AND RECOMMENDATIONS
DEPARTMENT OF MENTAL
HEALTH,

    Respondent.

_____/

        Petitioner is a former state prisoner who has been subsequently confined under a civil commitment. He is proceeding through counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges both a March 11, 1999 finding by the Solano County Superior Court that he was a sexually violent predator pursuant to § 6600 of the California Welfare and Institutions Code and his resultant two year commitment to Atascadero State Hospital (Atascadero). He seeks relief on the grounds that he was deprived of due process under the Fourteenth Amendment by the trial court's admission of multiple-level hearsay evidence to establish that he had been twice convicted of "sexually violent offenses," an element required for a civil commitment. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner be denied habeas corpus relief.

PROCEDURAL BACKGROUND

On March 11, 1999, petitioner was found by the Solano County Superior Court to be a sexually violent predator (hereinafter SVP) pursuant to § 6600 of the California Welfare and Institutions Code (hereinafter SVPA).[1] Petitioner was civilly committed to Atascadero State Hospital for two years commencing March 5, 1999, and ending on March 5, 2001. (Resp't's March 21, 2002 Mot. to Dismiss (MTD), Ex. 1.) On February 1, 2001, while petitioner was still confined pursuant to the March 5, 1999 commitment and while his appeal from that commitment was still pending in the state courts, the Solano County District Attorney filed a petition for recommittment. (Id., Exs. 3 & 4.) On February 22, 2001, petitioner, represented by counsel, appeared in court and waived his right to a probable cause hearing, waived time for trial on the recommittment petition and agreed to remain at Atascadero State Hospital pending the outcome of his appeal. (Id., Ex. 5.)[2] At subsequent hearings conducted on September 6, 2001, October 10, 2001 and January 23, 2002, petitioner again waived time and requested that the probable cause hearing and trial be continued until after his recovery from a scheduled surgery. (Id., Exs. 6, 7 & 8.) As of March 21, 2002, when respondent filed a motion to dismiss this action, trial on the recommittment petition was set for July 24, 2002. (Id., Ex. 8.)[3]

In his March 21, 2002 motion to dismiss, respondent argued that petitioner was no longer in custody within the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a) when he filed the

---

[1] A sexually violent predator is defined in California law as "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1).

[2] Pursuant to California law, a probable cause hearing is held after a petition for commitment is filed to determine "whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release." Cal. Welf. & Inst. Code § 6602(a).

[3] This court has independently verified that petitioner currently remains a patient at Atascadero. The basis for petitioner's continuing commitment is not known to the court but appears irrelevant to the disposition of the pending petition.

instant petition on January 10, 2002.[4]  The motion to dismiss was denied by order dated January 27, 2003.  This court found that petitioner was in custody by virtue of his involuntary confinement in Atascadero State Hospital when he filed his federal habeas corpus petition and that the expiration of the challenged civil commitment did not defeat federal jurisdiction over this action.

## FACTUAL BACKGROUND[5]

On October 9, 1991, Jimmie Dale Otto pled no contest to four felony counts of lewd and lascivious conduct on a child less than 14 years of age (Pen. Code, § 288, subd. (a)).  The factual basis for the plea was "contained in the police report."  The four counts involved four different victims – K.W., M.S., A.S., and D.S.  Dr. Charlene Steen, appointed to examine Otto, stated in her report, which was attached to the presentence report, that Otto admitted he touched K.W. under her pants on one occasion, tickling her buttocks and "private areas" without any sexual intent.  Otto also told the probation officer he tickled K.W. on her bottom under her panties.  He denied having molested any of the S. children, and stated he had pled no contest because his attorney told him this was the best possible deal.  On December 13, 1991, Otto was sentenced to 12 years in state prison.  On February 27, 1998, the People filed a petition seeking Otto's commitment as an SVP.  Otto moved in limine to exclude "police or other hearsay reports" and prevent psychological evaluators from relying on them.  The trial court denied the motion.  Otto waived his right to a jury trial.  Both the People and Otto presented experts who reviewed and relied on the presentence report and other documents.  As relevant here, the People's three experts[6] concluded two of Otto's prior offenses

---

[4] Title 28 U.S.C. § 2241(c)(3) limits jurisdiction to persons who are "in custody in violation of the Constitution or laws or treaties of the United States."  Title 28 U.S.C. § 2254(a) limits federal jurisdiction to "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

[5] The following summary is drawn from People v. Otto, 26 Cal. 4th 200, 203-04 (2001), in which the California Supreme Court rejected petitioner's arguments on appeal from his commitment to Atascadero State Hospital and held that the use of presentence and probation reports to prove the details of the predicate offenses in a sexually violent predator civil commitment hearing does not violate a defendant's due process rights.

[6] At the People's request, the trial court admitted the abstract of judgment and presentence report from Otto's felony convictions for molesting K.W., M.S., A.S., and D.S., a 1991 evaluation by Dr. Steen that accompanied the presentence report, the written psychological

involved substantial sexual conduct.[7] Indeed, although one defense expert, who did not testify, opined in his written report Otto was not likely to engage in sexually violent criminal behavior as a result of his diagnosed mental disorder, he also concluded Otto had been convicted of sexually violent predatory offenses against two or more victims. The other defense expert declined to offer an opinion regarding this latter issue, although he noted in his written report "the descriptions of the crimes strongly suggest that they included 'sexual violence.'"[8] The trial court found beyond a reasonable doubt that Otto was an SVP within the meaning of section 6600, and ordered him committed to Atascadero State Hospital or other secure facility for two years.

The Court of Appeal affirmed, and denied Otto's subsequent petition for rehearing. We granted Otto's petition for review, and limited the issues to whether section 6600(a)(3) allows the admission of multiple hearsay that does not fall within any exception to the hearsay rule, and if so, whether reliance on this evidence violates a defendant's right to due process.

ANALYSIS

I. Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so

---

evaluations of Dr. Zinik, Dr. Jackson, and Dr. Sreenivasan, and the notification of evaluation as an SVP.

[7] In addition to this conclusion which is at issue here, the People's experts relied on additional factors, such as Otto's admission he had molested his minor stepchildren (not the same victims as those in the predicate offenses) and his substance abuse problem, in opining Otto satisfied the criteria for the Sexually Violent Predators Act (SVPA), section 6600 et seq.

[8] At Otto's request, the trial court admitted the written psychological evaluations of Dr. Halon and Dr. Owen.

4

infects the entire trial that the resulting conviction violates the defendant's right to due process." Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th Cir. 1980)). See also Lisenba v. California, 314 U.S. 219, 236 (1941); Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). See also Henry, 197 F.3d at 1031; Crisafi v. Oliver, 396 F.2d 293, 294-95 (9th Cir. 1968). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) as amended by the AEDPA, sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

II. Jurisdiction

As explained above, this court has previously determined, in connection with respondent's motion to dismiss, that petitioner was "in custody" within the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a) when he filed the instant petition on January 10, 2002. More recently,

the Ninth Circuit Court of Appeals has had the opportunity to address the question of under what circumstances the claims of petitioner's challenging civil commitments such as that at issue here are rendered moot by the expiration of the term of commitment.  In addition, the Ninth Circuit has addressed whether a petitioner who does not file a federal habeas petition until after a term of civil commitment has expired has standing to collaterally attack that underlying civil commitment.  Below the undersigned will briefly address these issues in the context of the pending petition, concluding that petitioner has standing to bring his claims and that they have not been rendered moot.

In <u>Hubbart v. Knapp</u>, 379 F.3d 773 (9th Cir. 2004), the government argued that the case was moot because the original term of commitment under the SVPA which was being challenged by petitioner had expired and he was confined pursuant to a new two year term.  (<u>Id.</u> at 777.)  The court rejected the argument holding that the petitioner's challenge was not moot because his claims were "capable of repetition yet evading review." (<u>Id.</u>)  In this regard, the court found that the "capable of repetition" component of the analysis was satisfied because the petitioner had already been confined pursuant to a second commitment proceeding and a third petition to commit him was pending.  (<u>Id.</u> at 777-78 & n.1.)  The court also concluded that the claimed harm evaded review because petitioner's two-year term was too short to be fully litigated through the federal appellate process before the term expired.  (<u>Id.</u> at 778.)

The same is true in this case.  At the time petitioner filed the instant petition, the state had filed a second SVPA commitment proceeding against him.  This court has verified that petitioner remains a patient at Atascadero.  Therefore, there is a reasonable expectation that petitioner will be subject to continued commitment in the future.  Further, petitioner could not pursue his claims through the federal appellate process before his two-year term expired.  Thus, like the situation presented to the court in <u>Hubbard</u>, petitioner's claims are capable of repetition yet evading review.  Therefore, this action has not been rendered moot.

/////

With respect to standing, in <u>Jackson v. Cal. Dept. of Mental Health</u>, 399 F.3d 1069 (9th Cir. 2005), the court recently held that a petitioner lack standing to challenge an expired SVPA confinement term where he had voluntarily recommitted himself.[9]  The court concluded that the decision in <u>Hubbard</u> did not compel a different result because Jackson's term had expired before he filed his habeas petition. (<u>Id.</u> at 1072.)  Most importantly, the court found that because no further recommittment petition had been filed by the state and the petitioner was in custody only because he had voluntarily recommitted himself, his confinement was not fairly traceable to any action by the state. (<u>Id.</u> at 1074-75.)  Because the petitioner had failed to demonstrate that he was suffering harm associated with the SVPA confinement order, he was found to lack standing to challenge the state court's jurisdiction.

However, petitioner's case is factually distinguishable from that presented in <u>Jackson</u>.  Here, the state filed a second recommittment proceeding prior to the expiration of petitioner's first term of commitment.  Although petitioner voluntarily waived time for trial in that matter, he did not voluntarily recommit himself and there is no indication in the record that petitioner would have remained at Atascadero State Hospital if the state had not filed a second petition for recommittment.  Further, petitioner was required under California law to remain in custody under the initial commitment order until the recommittment petition was tried. <u>See</u> Cal. Welf. & Inst. Code § 6604 (a "person shall not be kept in actual custody longer than two years unless a subsequent extended commitment is obtained from the court incident to the filing of a petition for extended commitment") and § 6601.5 (if the judge determines that a petition for commitment supports a finding of probable cause, "the judge shall order that the person be detained in a secure facility until a hearing can be completed").  For these reasons, in this case petitioner's continued confinement was "directly traceable" to the state's second commitment

---

[9] In order to have standing to bring a claim, a litigant must have suffered "(1) an 'injury in fact' that is (2) 'fairly traceable' to the state court's commitment order that he challenges, and (3) that is 'likely [to be] redressed by a favorable decision." <u>Jackson</u>, 399 F.3d at 1071 (quoting <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 180-81 (2000).

petition. Petitioner has also suffered an "injury in fact" (continued commitment) which would be addressed by a favorable decision on his claims. Thus, petitioner has satisfied all of the requirements to confer on him standing to present his claims to this court. Jackson, 399 F.3d at 1071-75. Accordingly, below the court will address petitioner's claims on the merits.

III. Petitioner's Claims

Petitioner alleges that he was deprived of due process under the Fourteenth Amendment by the trial court's admission of multiple-level hearsay evidence (the probation report reflecting the victims' descriptions of the offenses) to prove that he had been twice convicted for "sexually violent offenses," which is an element required for a civil commitment.[10] Petitioner claims that admission of this evidence violated his right to due process in that (1) he was deprived of his right to confront and cross-examine the witnesses against him as guaranteed by Specht v. Patterson, 386 U.S. 605, 609-10 (1967); (2) the evidence admitted over his objection was of a type that could not be admitted in a criminal trial as explained by the Supreme Court in Idaho v. Wright, 497 U.S. 805 (1990); and (3) the result was to relieve the state of its

---

[10] At the time of petitioner's commitment, Cal. Welf. & Inst. Code § 6600(a) (3) provided:

> Conviction of one or more of the crimes enumerated in this section shall constitute evidence that may support a court or jury determination that a person is a sexually violent predator, but shall not be the sole basis for the determination. *The existence of any prior convictions may be shown with documentary evidence. The details underlying the commission of an offense that led to a prior conviction, including a predatory relationship with the victim, may be shown by documentary evidence, including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations by the State Department of Mental Health.* Jurors shall be admonished that they may not find a person a sexually violent predator based on prior offenses absent relevant evidence of a currently diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.

(italics added). The italicized portion of this code section is placed at issue by the habeas petition pending before the court.

burden to prove beyond a reasonable doubt, or at least by clear and convincing evidence, all of the facts necessary to justify his confinement, contrary to the holdings in <u>Addington v. Texas</u>, 441 U.S. 418, 425 (1979) and <u>Foucha v. Louisiana</u>, 504 U.S. 71 (1992). (Pet. at 3-4.)

        The California Supreme Court thoroughly considered and addressed petitioner's argument that the admission of hearsay statements in an SVP proceeding violated his due process right to confrontation and the concomitant right to be convicted only upon reliable evidence. <u>See</u> <u>People v. Otto</u>, 26 Cal. 4th 200, 209-215 (2001). At the outset the California Supreme Court acknowledged that a defendant in an SVP proceeding is entitled to due process protections. <u>Otto</u>, 26 Cal. 4th at 209 (citing <u>Foucha v. Louisiana</u>, 504 U.S. 71, 80 (1992)). Applying the relevant factors to determine what process is due in this context, the court held petitioner's right to due process had not been violated by the admission of hearsay at his civil commitment proceeding. (<u>Id.</u> at 210-15.) In this regard, the court first noted that the private interests affected by the official action are the significant limitations on the defendant's liberty, the stigma of being classified as an SVP, and subjection to unwanted treatment. <u>Id.</u> at 210 . Next, the court considered the risk of an erroneous deprivation of such interests through the procedures used. <u>Id.</u> The court concluded that the victim hearsay statements must contain "special indicia of reliability to satisfy due process" but also observed that under the circumstances generally present in an SVP proceeding, this requirement would almost always be met. <u>Id.</u> According to the California Supreme Court, the most critical factor demonstrating the reliability of the victim hearsay statements is that the defendant was convicted of the crimes to which the statements relate. <u>Id.</u> at 211. Because the SVPA requires conviction of a sexually violent offense against two or more victims, some portion, if not all, of the alleged conduct will have been already either admitted in a plea or found true by a trier of fact after trial. <u>Id.</u> Additionally, the court noted that consideration of hearsay statements contained in presentence reports is not unique to the SVPA. <u>Id.</u> at 212-14. The reliability of such statements withstands scrutiny, the court suggested, because by statute criminal defendants must be provided the opportunity to review and challenge

inaccuracies contained in such reports. Id. at 212. For all these reasons, the California Supreme Court concluded that there was no deprivation of the defendant's rights as a result of the reliance on the hearsay statements. Id. at 214.

        The California Supreme Court also found that reliance on victim hearsay statements in a SVP proceeding does not deny the defendant any right of confrontation, noting that there is no right to confrontation under the state and federal Confrontation Clause in civil proceedings. Id. at 214. The court concluded that under the SVPA, a defendant's due process right to confront witnesses is preserved because the defendant has the right to cross-examine any prosecution witness who testifies in connection with the underlying criminal charges. Id. Next, the court found that the government's interest in protecting the public from those who are dangerous and mentally ill could potentially be impeded by requiring live victim testimony, noting that the SVP proceeding occurs at the end of the defendant's sentence, which may be years after the events in question. Id. at 214. Finally, the California Supreme Court concluded that reliance on hearsay evidence in SVP proceedings does not impede the defendant's interest in being informed of the nature, grounds, and consequences of the commitment proceeding nor prevents the defendant from presenting his side of the story before a responsible government official. Id. at 215.

        At the outset it must be noted that the United States Supreme Court has not considered the question whether a defendant must be afforded the right to confront and cross-examine witnesses before he may be involuntarily committed pursuant to a state's sexually violent predator law. For this reason, it may not be said that the California Supreme Court's decision in Otto was contrary to, or an unreasonable application of, clearly-established federal law. See Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004); Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004). Moreover, to the extent the United States Supreme Court has addresses the issue is somewhat similar contexts the decision of the California Supreme Court is not an objectively unreasonable application of federal law in this area.

The United States Supreme Court has held that involuntary commitment under a sexually violent predator act is not a "criminal" proceeding, but is civil in nature. Kansas v. Hendricks, 521 U.S. 346 (1997). The Supreme Court has also held that civil commitments involve a significant deprivation of liberty and therefore mandate due process protections. Foucha, 504 U.S. at 80 (involuntary commitment of insanity acquitee); Jackson v. Indiana, 406 U.S. 715, 738-39 (1972) (involuntary commitment of criminal defendant who was incompetent to stand trial). The Sixth Amendment right to confrontation is limited by its express terms to criminal defendants. U.S. Const., Amend. VI. Therefore, as found by the California Supreme Court, in civil proceedings the right to confront and cross-examine witnesses is grounded in the Due Process Clause and not in the Sixth Amendment. See Austin v. United States, 509 U.S. 602, 608 n.4 (1993) (Confrontation Clause does not apply in civil cases). In analogous circumstances, the United States Supreme Court has held that in parole revocation proceedings due process does not requires confrontation and cross-examination of adverse witnesses if the hearing officer finds good cause for not allowing confrontation. Morrissey v. Brewer, 408 U.S. at 489. Likewise, in Gagnon v. Scarpelli, 411 U.S. 778 (1973), the Supreme Court held that one's right to due process was not violated by the use of documentary substitutes for live evidence at a probation revocation hearing. Id. at 782 n.5 ("[W]e emphasize that we did not in Morrissey intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.") The California Supreme Court's detailed finding of good cause for the use of documentary evidence in SVP civil commitment proceedings is a reasonable application of these United States Supreme Court holdings.[11]

---

[11] In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause bars the state from introducing into evidence in a criminal proceeding out-of-court statements which are testimonial in nature unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable. Id. at 68-69. As discussed above, in Otto the California Supreme Court concluded that for use in an SVP proceeding the victim hearsay statements must "contain special indicia of reliability to satisfy due process." 26 Cal. 4th at 210. Because Crawford requires that there be a right to in-court confrontation as opposed to a judicial finding

The cases cited by petitioner do not dictate a contrary result. In Specht v. Patterson, 386 U.S. 606 (1967), the defendant was convicted but not sentenced under one statute and was thereafter sentenced under the Colorado Sex Offenders Act for an indeterminate term without notice and a full hearing. The Colorado Sex Offenders Act did not make commission of a specified crime the basis for sentencing, but made one conviction the basis for commencing another proceeding to determine whether a person constituted a threat of bodily harm to the public or was an habitual offender and mentally ill, which was a new finding of fact that was not an ingredient of offense charged. Thus, Specht was subjected to a sentence of up to life imprisonment after being convicted of an offense with a statutory maximum sentence of ten years. Id. at 607. The Supreme Court indicated that, in view of the consequences, the sentencing proceedings amounted to a new criminal charge against the defendant. Id. at 610. Accordingly, the court held that a defendant in such a circumstance is entitled to a full panoply of due process rights, including the right to confront witnesses, when a sentencing proceeding results in an additional criminal conviction. 386 U.S. at 610.[12]

Here, on the contrary, petitioner was not subjected to increased criminal punishment as a result of his commitment under the SVPA. As discussed above, petitioner's commitment to Atascadero State Hospital was pursuant to a civil commitment and was not a

---

of reliability, it might be argued that the use of presentence reports in SVP proceedings violates a sex offender's right to confrontation. However, this court concludes that the holding in Crawford does not apply in the context of the SVPA. Nothing in Crawford extended the Sixth Amendment Confrontation Clause to civil litigants, including those named as defendants in SVP proceedings. Further, the decision in Crawford did not expressly nor impliedly modify or overrule existing law concerning a civil litigant's due process right to confront witnesses. Thus, the opinion of the California Supreme Court that the use of hearsay evidence to prove that petitioner had been twice convicted for "sexually violent offenses" is also not contrary to or an unreasonably application of the Supreme Court's decision in Crawford.

[12] One court has observed that the decision in Specht "is a precursor of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Ring v. Arizona, 536 U.S. 584 (2002), which hold that facts increasing the statutory maximum punishment must be proved, to the jury's satisfaction, beyond a reasonable doubt, using the procedures normally employed at a trial--which per Specht includes the opportunity to confront and cross-examine one's accusers in the flesh." Szabo v. Walls, 313 F.3d 392, 398-99 (7th Cir. 2002).

criminal punishment.  See Hendricks, 521 U.S. at 361-62 (holding that involuntary confinement pursuant to the Kansas Sexually Violent Predator Act was not punitive, thus precluding a finding of any double jeopardy or ex post facto violation).  For these reasons, the decision of the California Supreme Court rejecting petitioner's claim in this regard is not contrary to or an unreasonable application of Specht. [13]

Finally, petitioner claims that the use of hearsay evidence at his commitment proceeding relieved the state of its burden to prove his SVP status "beyond a reasonable doubt, or at least by clear and convincing evidence," contrary to the holdings in Addington v. Texas and Foucha v. Louisiana.  (Pet. at 4.)  In Addington v. Texas, 441 U.S. 418 (1979) the Supreme Court determined that to meet due process demands, the standard for use in commitment for mental illness must be proof greater than the preponderance of evidence standard applicable to other categories of civil cases and must be no less than clear and convincing evidence but that the reasonable-doubt standard was not constitutionally required.  441 U.S. at 425.  Similarly, in Foucha, the Supreme Court held that "the State must establish insanity and dangerousness by clear and convincing evidence in order to confine an insane convict beyond his criminal sentence, when the basis for his original confinement no longer exists."  504 U.S. at 86.  Having determined that due process was not violated by the reliance on hearsay evidence at his civil commitment hearing, petitioner's argument in this regard must fail.  There is no indication that the documentary evidence with respect to his prior sexually violent predatory offenses admitted at petitioner's commitment proceeding did not rise to the appropriate level of proof required to support a civil SVP commitment.

---

[13] Likewise, petitioner's argument that the hearsay evidence admitted to support his civil commitment was "of a type that could not be admitted in a criminal trial," in violation of Idaho v. Wright (Pet. at 3-4) must also be rejected.  In that case the Supreme Court held that the hearsay statements of the child victim admitted against petitioner at his trial on criminal charges lacked the particularized guarantees of trustworthiness required for admission under the Confrontation Clause.  Idaho v. Wright, 497 U.S. 805, 818 & 827 (1990).  Again, because petitioner's civil commitment proceeding was not a criminal prosecution the holding in Wright is not applicable.

For all of the reasons explained above, this court concludes that the decision of the California Supreme Court that the use of hearsay evidence at petitioner's civil commitment hearing under the SVPA did not violate due process is neither contrary to or an unreasonable application of federal law.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:otto69.hc